UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMAEL SANDIGO-MANZANAREZ, | No. 1:25-cv-01536-DC-CKD (HC) |
| Petitioner, | |
| v. | <u>ORDER</u> |
| PAMELA BONDI, et al., | (Doc. Nos. 2, 8) |
| Respondents. | |

This case concerns the detention of Petitioner Samael[1] Sandigo-Manzanarez, a noncitizen, by United States Immigration and Customs Enforcement.[2] (Doc. No. 1 at ¶¶ 2, 7.)

On November 20, 2025, the court granted Petitioner's motion for temporary restraining order. (Doc. No. 8.) The court ordered Respondents to immediately release Petitioner from custody and not to re-detain him without providing him notice and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. (*Id*. at 11.) The court further ordered Respondents to show cause why the court should not issue a preliminary injunction on the same terms as the temporary restraining order. (*Id*.)

---

[1] The court notes it misspelled Petitioner's name as "Samuel" in the court's November 20, 2025 order.

[2] A more detailed factual background is included in the court's order granting Petitioner's motion for temporary restraining order and is incorporated by reference here. (Doc. No. 8.) The parties have not presented any additional evidence for the court to consider.

On November 25, 2025, Respondents filed a response to the order to show cause, noting they do not oppose the issuance of a preliminary injunction on the terms outlined in the court's temporary restraining order. (Doc. No. 9.) The following day, Petitioner filed a reply agreeing with Respondents that the court should issue a preliminary injunction on the same terms as the temporary restraining order. (Doc. No. 10.)

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

For the same reasons set forth in the November 20, 2025 order, the court finds a sufficient showing has been made that the *Winter* factors weigh in favor of Petitioner. (*See* Doc. No. 8.)

Accordingly,

1. The court hereby issues a preliminary injunction with the same terms as the November 20, 2025 order (Doc. No. 8); and
2. This case is referred to the assigned magistrate judge for consideration of the merits of the petition for writ of habeas corpus (Doc. No. 1).

IT IS SO ORDERED.

Dated: **December 2, 2025**

Dena Coggins
United States District Judge

2